IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE A. ADAMS,<br>Reg. No. 21030-058,<br><br>        Petitioner,<br>v.<br><br>M. WASHINGTON,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)   CASE NO. 2:24-CV-740-WKW<br>)              [WO]<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Petitioner Clarence A. Adams, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which was docketed on November 19, 2024. At the time of filing, he was incarcerated at the Federal Prison Camp in Montgomery, Alabama, and named its warden as the defendant. He sought (1) earned time credits he claimed were wrongly withheld under the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194, and the Second Chance Act of 2007 (SCA), Pub. L. No. 110-199, 122 Stat. 657; (2) application of these credits to his federal sentence; and (3) an order for immediate transfer to prerelease custody (*i.e.*, either a residential reentry center or home confinement).[1]  (Doc. # 1, at 1–3.)

---

[1] Once a district court sentences a federal defendant, the responsibility for administering the sentence falls to the United States Attorney General, who acts through the Federal Bureau of Prisons (BOP).  *See United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP employs

The court granted Petitioner leave to proceed *in forma pauperis* and ordered service of the summons of the petition. (Docs. # 4, 5.) Respondent timely answered the petition and subsequently filed a supplemental response, as directed, informing the court that the Federal Bureau of Prisons (BOP) transferred Petitioner to a residential reentry center on March 26, 2025. (Docs. # 12, 13, 14); *see also* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited July 31, 2025). As a result of Petitioner's placement in a residential reentry center, Respondent contends that the § 2241 petition is moot. (Doc. # 14.) Petitioner has not replied to this mootness argument, despite being required to do so, and he also has failed to provide a change of address as ordered. (Doc. # 13.) For the two reasons to follow, the § 2241 petition will be dismissed without prejudice.

---

comprehensive policies, including the FSA, to manage this process. *See* 18 U.S.C. §§ 3621, 3624, and 3632. The FSA incentivizes inmates to participate in specific programs and activities by allowing them to earn time credits, which can be applied toward a transfer to prerelease custody. *See, e.g.*, §§ 3621(h), 3624(g), § 3632(d)(4)(C). Prerelease custody includes placements in residential reentry centers and home confinement. *See* § 3624(g)(2). Additionally, the SCA mandates that, where feasible, the Director of the BOP should ensure that prisoners spend part of their final months of imprisonment (up to twelve months) in conditions that help them prepare for reentry into the community, such as a community correctional facility. *See* § 3624(c)(1). However, the SCA "does not authorize a federal court to order the BOP to release a prisoner." *United States v. Calderon*, 801 F. App'x 730, 731 (11th Cir. 2020) (per curiam). The FSA amended the SCA to expand the use of prerelease custody under §§ 3621(b) and 3624(c).

## II.   DISCUSSION

A.   <u>**Dismissal on Jurisdictional Grounds for Mootness**</u>

Article III of the Constitution restricts federal court jurisdiction to "cases" and "controversies." U.S. Const. art III, § 2. A key aspect of this justiciability doctrine is mootness, which arises when a case no longer involves an active dispute that the court can resolve with meaningful relief. *Djadju v. Vega*, 32 F.4th 1102, 1106–07 (11th Cir. 2022) (citation omitted). Ultimately, the fundamental question is whether events occurring after the petition's filing prevent the court from providing meaningful relief to the petitioner. *Id.* at 1107 (citation omitted). If so, "the case is moot and must be dismissed" for lack of jurisdiction. *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (per curiam) (citation omitted).

During the pendency of this petition, Petitioner was transferred to prerelease custody at a residential reentry center. The issue is whether this transfer prevents the court from providing meaningful relief. Petitioner filed this petition with the stated goal of obtaining a transfer to a residential reentry center or home confinement for the remainder of his federal sentence. Because he was transferred on March 26, 2025, his request has been fulfilled, rendering any order for such relief moot.

Courts consistently have concluded that a habeas petition seeking placement in prerelease custody becomes moot when the petitioner is transferred to prerelease custody after the filing of the petition. *See, e.g.*, *Malik v. Warden Loretto FCI*, 2024

WL 3649570, at *2 (3d Cir. Aug. 5, 2024) (per curiam) (unpublished) (holding that the BOP's transfer of the petitioner to prerelease custody post-suit rendered moot "his request for release to such custody"); *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (dismissing § 2241 appeals as moot as to the petitions of two inmates who had received their requested relief of placement in prerelease custody at a residential reentry center); *Hill v. Gabby*, 2025 WL 1298753, at *1–2 (N.D. Fla. Apr. 2, 2025) ("While this case has been pending, Hill has been transferred to prerelease custody. That relief makes this case moot because there is nothing left for the court to remedy." (alterations and internal footnote omitted)), *report and recommendation adopted*, 2025 WL 1296175 (N.D. Fla. May 5, 2025); *Garcia v. Warden FPC Pensacola*, 2025 WL 1186312, at *2 (N.D. Fla. Feb. 26, 2025) ("[A]ll the relief Garcia sought in his petition was granted to him when the BOP transferred him to a halfway house on December 18, 2024. That relief makes this case moot because there is nothing left for the court to remedy." (alterations and internal footnote omitted)), *report and recommendation adopted sub nom. Garcia v. FPC Pensacola*, 2025 WL 1163731 (N.D. Fla. Apr. 21, 2025); *Singleton v. Neely*, 2023 WL 9550049 (N.D. Ala. Dec. 21, 2023) (recommending dismissal of the § 2241 petition as moot, as the petitioner already had been transferred to prerelease custody, thus receiving the requested relief), *report and recommendation adopted*, 2024 WL 476949 (N.D. Ala. Feb. 7, 2024); *Medina v. Woods*, 2021 WL 3640177, at *1 (M.D. Ala. Aug. 17,

4

2021) (adopting the magistrate judge's recommendation and dismissing the § 2241 petition as moot and finding that because the petitioner had been released to home confinement, "a more favorable decision on the merits would not entitle him to any additional habeas relief"); *Green v. Grayer*, 2010 WL 398112, at *1–2 (N.D. Ga. Jan. 25, 2010) (dismissing the § 2241 petition as moot where the petitioner had requested an order for placement in a residential reentry center for six months and home confinement for six months and during the proceedings, he was transferred to a residential reentry center).

Because there is no longer a case or controversy to litigate, Petitioner's petition will be dismissed without prejudice as moot.

**B.    Dismissal for Failure to Comply with the Court's Order and Prosecute this Action**

If Petitioner's § 2241 petition were not moot, dismissal without prejudice would be appropriate based on Petitioner's failure to comply with a court order and prosecute this action. The Order entered on May 27, 2025, required Petitioner to file a notice of change of address by June 10, 2025, and to submit a reply brief addressing the mootness challenge by July 1, 2025. (Doc. # 13, at 2.) He was warned that his failure to comply with the May 27th Order would result in dismissal of this action without further notice. (Doc. # 13 at 3.)

To date, Petitioner has neither complied with nor responded to the May 27th Order.[2] A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, No. 24-10153, 2025 WL 1923126, at *3 (11th Cir. July 14, 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 2025 WL 1923126, at *3. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt

---

[2] The Order was sent to Petitioner, care of the Residential Reentry Management Raleigh's residential reentry office. (*See* Doc. # 13 at 2.) It was not returned to the court as undeliverable.

and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 2025 WL 1923126, at *3. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 2025 WL 1923126, at *3 (emphasis in original).

Here, Plaintiff has not responded to the court's May 27th Order, despite a clear warning that failing to meet the deadlines would result in dismissal of this action. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of non-compliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

## III.   CONCLUSION

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. # 1) is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 31st day of July, 2025.

/s/ W. Keith Watkins<br>
UNITED STATES DISTRICT JUDGE